IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS RICHARD FRESQUEZ,

    Plaintiff,        1: 06 CV 0061 AWI WMW PC

vs.                ORDER RE MOTIONS
                        (DOCS 22, 24, 25, 27)
DERRAL ADAMS, et al.,

    Defendants.

On March 28, 2008, an order to show cause was entered, directing Plaintiff to show cause why he should not be denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). Plaintiff filed a response to the order to show cause. Plaintiff indicated that he is proceeding with a statutory claim, and not a claim under 42 U.S.C. § 1983. In an order entered on June 9, 2008, the court noted that Plaintiff's complaint was filed pursuant to section 1983, and did not reference any statutory claims. The court granted Plaintiff leave to file an amended complaint. Plaintiff failed to file an amended complaint. The court entered findings and recommendations, recommending that this action be dismissed. Plaintiff filed objections to the findings and recommendations. The court granted Plaintiff a further extension of time in which to file an amended complaint, due December 6, 2008. Plaintiff has failed to file an amended complaint.

    Plaintiff has, however, filed various motions. Plaintiff has filed a motion for sanction, a motion for an evidentiary hearing, a motion to compel arbitration, and a motion for recusal.

1   As to Plaintiff's motion for recusal, Plaintiff seeks to recuse the undersigned on the
2 ground of judicial bias.  The substantive standard for recusal, whether sought under 28
3 U.S.C. §144 or §455, is the same: "[W]hether a reasonable person with knowledge of all the
4 facts would conclude that the judge's impartiality might reasonably be questioned." United States
5 v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) citing Unites States v. Studley, 783 F.2d 934,
6 939 (9th Cir. 1986) (quotation omitted).  The alleged bias must stem from and "extrajudicial
7 source."  Liteky v. United States, 510 U.S. 540 (1994). "[J]udicial rulings alone almost never
8 constitute a valid basis for a bias or partiality motion." Id. at 555; Poland v. Stewart, 92 F.3d 881
9 (9th Cir. 1996). "[O]pinions formed by the judge on the basis of facts introduced or events
10 occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis
11 for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that
12 would make fair judgment impossible." United States v. Conforte, 624 F.2d 869, 882 (9th Cir.
13 1980), cert. denied, 449 U.S. 1012 (1980) (a judge's views on legal issues may not serve as a
14 basis for motions to disqualify).

15   The Court finds that Plaintiff's motion fails to meet the standard set forth above.  That
16 Plaintiff received an unfavorable ruling does not demonstrate bias.  That Plaintiff was not
17 allowed to read her prepared statement does not demonstrate bias or prejudice.   The motion for
18 recusal is therefore denied.

19   As to Plaintiff's motion for sanctions, the court finds the motion to be without merit.
20 Plaintiff seeks to impose sanctions on prison staff regarding his prison mail.  Plaintiff offers no
21 authority for the court to impose sanctions on prison staff.  The motion is therefore denied.

22   The motion to compel arbitration is also without merit.  Plaintiff's motion consists of
23 vague arguments regarding ADA claims.  The motion is denied.

24   As to Plaintiff's motion for an evidentiary hearing, the court finds no reason to hold such
25 a hearing.  The motion is therefore denied.

26

Accordingly, IT IS HEREBY ORDERED that:

    1.  Plaintiff's motions for sanction, arbitration, recusal and an evidentiary hearing are denied.

    2.  Plaintiff is granted thirty days from the date of service of this order in which to file an amended complaint.  Plaintiff's failure to do so will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   January 12, 2009**              /s/  **William M. Wunderlich**
                                                  UNITED STATES MAGISTRATE JUDGE