IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. ADAMS, et al.,<br><br>  Defendants. | 1:06 cv 00061 AWI YNP GSA (PC)<br><br>ORDER RE MOTION FOR RECONSIDERATION<br><br>Document *44* |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil action against defendant correctional officials employed by the California Department of Corrections and Rehabilitation. Pending before the court is Plaintiff's motion for reconsideration of the September 11, 2009, order adopting the findings and recommendations of the Magistrate Judge and dismissing this action for failure to state a claim upon which relief could be granted.

This action was initiated by civil complaint filed on January 19, 2006. The complaint was filed on a form complaint for a prisoner civil rights action pursuant to 42 U.S.C. § 1983. There are no other statutory references in the complaint. The complaint is five pages long. Plaintiff attaches approximately 55 pages of exhibits, referring to his attempts at participating in an audio book program due to Plaintiff's visual impairment. The exhibits also reflect Plaintiff's various grievances that he has with his medical care. On March 28, 2008, an order to show cause

was entered, directing Plaintiff to show cause why he should not be denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) on the ground that Plaintiff had suffered three "strikes" and was therefore not entitled to proceed in forma pauperis.

On May 30, 2008, Plaintiff filed a response to the order to show cause. The response argues that this is an action pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12132 et seq., and not a civil rights action. The bulk of the response is taken up with various arguments regarding the Americans With Disabilities Act. On June 9, 2008, an order was entered, advising Plaintiff that he did not plead his statutory cause of action in the original complaint. Plaintiff was granted leave to file an amended complaint that sets forth the cause of action that Plaintiff desired. Plaintiff failed to file an amended complaint, and on October 22, 2008, findings and recommendations were entered. Rather than recommend denial of Plaintiff's motion to proceed in forma pauperis, the court recommended dismissal of the action for Plaintiff's failure to state a claim under 43 U.S.C. § 1983. On October 31, 2008, Plaintiff filed a motion for extension of time to file an amended complaint. The motion was granted on November 6, 2008. Plaintiff filed motions for an evidentiary hearing, to compel arbitration, for sanctions and for recusal. On January 13, 2009, an order was entered, denying Plaintiff's motions and granting Plaintiff further leave to file an amended complaint. Plaintiff failed to so do, and on March 5, 2009, a recommendation of dismissal was entered, recommending dismissal for failure to prosecute. On March 11, 2009, Plaintiff sought another extension of time to file an amended complaint, which was granted on April 7, 2009. Plaintiff filed another motion for extension of time on May 6, 2009, which was granted on May 11, 2009. Plaintiff failed to file an amended complaint, and on June 15, 2009, another recommendation of dismissal was entered, recommending dismissal of this action for failure to state a claim upon which relief could be granted. On August 26, 2009, Plaintiff filed objections to the findings and recommendations. The objections include arguments based upon the ADA. Plaintiff again argues that the court erroneously characterized this as an action pursuant to 42 U.S.C. § 1983.

On September 11, 2009, an order was entered, adopting the findings and recommendations of the Magistrate Judge that his action be dismissed. Judgment was entered pursuant to that order, dismissing this action for failure to state a claim upon which relief could be granted. On September 25, 2009, Plaintiff filed a motion for reconsideration of the September 11, 2009, order.

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment, order, or proceeding based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. Fed.R.Civ.Pro. 60(b); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008); United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of

Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

In his motion, Plaintiff renews his argument that this is not a prisoner civil rights action, but an action pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12132 et seq. Despite numerous extensions of time, Plaintiff has failed to file an amended complaint that sets forth the statutory ground that Plaintiff claims. The complaint in this action clearly consists of a form complaint for a civil action by a state prisoner pursuant to 42 U.S.C. § 1983. Upon Plaintiff telling the court this action was based on the ADA and not Section 1983, on June 9, 2008, Plaintiff was granted leave to amend the complaint to make ADA claims by citing to and/referring to the ADA instead of Section 1983. Despite four extensions of time and three recommendations of dismissal, Plaintiff has failed to ever file an amended complaint in which he references the ADA.

Dismissal of the complaint as a Section 1983 case was appropriate because Plaintiff has maintained that he does not wish to proceed with a Section 1983 action. Dismissal of the action continues to be appropriate for the additional reason that Plaintiff has failed to file an amended complaint that states the cause of action on which he desires to proceed. This action has been pending for four years. The court directed Plaintiff to file a complaint that specifically cited to the ADA and included an ADA cause of action on June 9, 2008; Yet, no amended complaint has ever been filed in this action. The court cannot manage its docket if it maintains cases in which a plaintiff fails to litigate his case by filing the very complaint that contains the cause of action the plaintiff claims he wishes to proceed on. The court's limited resources must be spent on cases in which the litigants are actually proceeding in a meaningful manner. In addition, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. The court can no longer expend of its scare resources by continuing to request Plaintiff file a complaint citing to the ADA. Plaintiff was also warned that dismissal would result if he did not file the very amended complaint he told the court he wished to proceed on. Thus, the court finds

reconsideration is not appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:    February 23, 2010**              /s/ Anthony W. Ishii
                                             CHIEF UNITED STATES DISTRICT JUDGE

5